UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                      :

HAYDEN AI TECHNOLOGIES INC.     :

                                       :         26-MC-145 (VSB)

                     Plaintiff,    :

                                         :       [Arising from E.D. Tex.

        -against-        :          No. 2:25-cv-528]

                                         :

FLEETMIND SEON SOLUTIONS, INC.,   :          **ORDER**

                                       :

                    Defendant.  :

                                         :
--------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Before me are Non-Party Movant Kent C. Hess's ("Movant" or "Hess") motion to quash the subpoena issued against Hess by Hayden AI Technologies Inc. ("Hayden" or "Plaintiff"), (Doc. 1 (the "Quash Motion")), and Hayden's motion to transfer the Quash Motion to the Eastern District of Texas, the court from which the subpoenas issued, (Doc. 4 (the "Transfer Motion")), accompanied by a supporting declaration, (Doc. 6), memorandum of law, (Doc. 5), and proposed order, (Doc. 7).  On May 1, 2026, Movant filed a rely brief in support of the Quash Motion.  (Doc. 8.)  On May 4, 2026, I held a hearing on the Quash Motion and the Transfer Motion.

"Federal Rule of Civil Procedure 45(f) permits a court to transfer subpoena-related motions to the court where the underlying action is pending 'if the person subject to the subpoena consents or if the court finds exceptional circumstances.'"  *Drummond Co., Inc. v. VICE Media LLC*, No. 21-MC-859, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (quoting Fed. R. Civ. P. 45(f)).  "The Advisory Committee's 2013 Note to Rule 45(f) suggests that '[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas' but that

'[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.'" *Hilb Grp. of New York, LLC v. Associated Agencies, Inc.*, No. 23-MC-264, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (quoting Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment).

I find that transfer to the issuing court—the Eastern District of Texas—is appropriate. The case in the Eastern District of Texas has been pending for nearly a year. *See Hayden AI Techs. v. Fleetmind Seon Solutions Inc.*, Doc. 1, No. 25-CV-00528 (May 15, 2025, E.D. Tex.). On November 12, 2025, Plaintiff in the Texas litigation filed a motion to compel interrogatory responses that relates to activities undergirding the at-issue subpoena. (Doc. 6-10.) Moreover, the fact-intensive privilege inquiry that the Quash Motion seeks to have me resolve on the merits, (*see* Reply 6–9), relates to the privilege of Fleetmind Seon Solutions Inc. ("Fleetmind"), the Defendant in the Texas case, and any ruling by me on such an issue raises the risk of inconsistent rulings as between my decision and any privilege rulings the Texas court will be making in the underlying litigation. Finally, during the hearing on the Quash Motion and the Transfer Motion, Plaintiff's counsel stated that the parties in the Texas litigation had been engaging in a meet and confer process concerning Fleetmind's production of documents and communications related to the "investigation" done by Hess, indicated that the meet and confer process had concluded, and that Plaintiff intended to file a motion to compel such documents relating to the subject of the subpoena. Plaintiff filed a motion to compel in the Texas litigation later that day. *See Hayden AI Techs. v. Fleetmind Seon Solutions Inc.*, Doc. 92, No. 25-CV-00528 (May 4, 2026, E.D. Tex.).

The Texas Court's familiarity with the background of the case therefore means that it is "best-positioned to address the subpoena." *Hilb Grp. of New York, LLC*, 2023 WL 5183690, at *1 (quoting *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022)).  Depending on what other discovery rulings take place in the Texas action, including related to the motion to compel mentioned during the May 4, 2026 hearing, there may also be a risk of inconsistent rulings were I to pass on those issues contemplated by the Quash Motion.  *Cf. EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*, No. 22-MC-70, 2022 WL 748098, at *1 (S.D.N.Y. Mar. 11, 2022) (transferring case where there was "a risk of inconsistent ruling regarding the discoverability of the categories of documents at issue").  Courts have transferred motions to quash in similar circumstances, where the issuing court is most familiar with the underlying facts, has already overseen a period of discovery, and there is a risk of inconsistent rulings.  *See, e.g.*, *Hilb Grp. of New York, LLC*, 2023 WL 5183690, at *1 (finding the issuing court "best positioned to adjudicate the enforcement of this subpoena" given ongoing proceedings there); *Full Circle*, 581 F. Supp. 3d at 525 (transferring case where "discovery ha[d] been ongoing" in the issuing court); *Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 24-MC-9, 2024 WL 308097, at *2 (S.D.N.Y. Jan. 26, 2024) (finding exceptional circumstances warranting transfer where the "issuing court [was] intimately familiar with the history and complex facts of the current litigation" (internal quotation marks omitted)).

Accordingly, Plaintiff's Transfer Motion is GRANTED, and the Quash Motion is TRANSFERRED to the issuing Court in the Eastern District of Texas to be considered in connection with *Hayden AI Techs. v. Fleetmind Seon Solutions Inc.*, No. 25-CV-00528 (E.D. Tex., filed May 15, 2025).

To minimize any delay, I waive the seven-day waiting period set forth in Local Rule

3

83.1.

       The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 1

and 4 and close the case.

SO ORDERED.

Dated:  May 11, 2026
         New York, New York

                                     Vernon S. Broderick
                                     United States District Judge